UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRANDON FAVOR,<br><br>                           Petitioner,<br><br>         -against-<br><br>SALAAM ABED; PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                           Respondents. | 1:21-CV-9241 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, currently incarcerated in the California Correctional Institution, in Tehachapi, California, brings a *pro se* petition for a writ of *habeas corpus* that is styled for the California state courts, and in which he challenges his July 30, 2008 California state-court conviction. This Court transfers this action to the United States Court of Appeals for the Ninth Circuit for the reasons set forth below.

      Because Petitioner seeks to challenge his July 30, 2008 California state-court conviction, the proper federal jurisdictional basis for his challenge is a federal petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 277-78 (2d Cir. 2003). Petitioner, however, has already challenged that state-court conviction by filing a petition under Section 2254 in the United States District Court for the Central District of California, which denied that petition on the merits. *See Favor-El v. Paramo*, No. 14-CV-4441, 2016 WL 8732337 (C.D. Cal. July 7, 2016), *report & recommendation adopted*, 2016 WL 8738091 (C.D. Cal. Oct. 21, 2016). This Court, therefore, is not required to provide Petitioner an opportunity to withdraw the present submission before it is recharacterized as a Section 2254 petition. *See Jiminian v. Nash*, 245 F.3d 144, 148 (2d Cir. 2001).

A submission is a second or successive Section 2254 petition if a previous Section 2254 petition attacking the same conviction was adjudicated on the merits. *See Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002). Because Petitioner's previous Section 2254 petition challenged the same California state-court conviction and was denied on the merits, *Favor-El*, 2016 WL 8732337, *report & recommendation adopted*, 2016 WL 8738091, the present submission is a second or successive Section 2254 petition. Before a second or successive Section 2254 petition is filed in a federal district court, however, authorization from the appropriate court of appeals is required. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner, therefore, must move in the United States Court of Appeals for the Ninth Circuit for permission to pursue the present submission. *See id.*[1]

## CONCLUSION

In the interest of justice, the Court transfers this petition, which the Court construes as a second or successive Section 2254 petition, to the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 1631; *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996). This order closes this action.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

---

[1] Any motion to the Court of Appeals must show that: (A) the claim being raised by the petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," § 2244(b)(2)(B)(i)-(ii).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Petitioner and to note service on the docket.

SO ORDERED.

Dated:   November 9, 2021
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge